[Cite as *Hitchcock v. Delta Trust*, 2026-Ohio-1693.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| CHRISTOPHER P. HITCHCOCK, TREASURER OF GEAUGA COUNTY, OH, | CASE NO. 2025-G-0040 |
| Plaintiff, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| DELTA TRUST, | Trial Court No. 2022 F 000571 |
| Defendant-Appellant, | |
| THE PRESERVE AT STONEWATER HOMEOWNERS ASSOCIATION, INC., | |
| Defendant-Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: May 11, 2026
Judgment: Affirmed

*John F. Burke, III*, Burkes Law, L.L.C., 55 Public Square, Suite 2100, Cleveland, OH 44113 (For Defendant-Appellant).

*Lindsey A. Wrubel*, Eques Law Group, 9821 Olde Eight Road, #1, Northfield, OH 44067 (For Defendant-Appellee).

SCOTT LYNCH, J.

{¶1} Defendant-appellant (cross-claim defendant), Delta Trust, appeals the decision of the Geauga County Court of Common Pleas, denying its Motion for Attorney Fees and Expenses against defendant-appellee (cross-claim plaintiff), the Preserve at

Stonewater Homeowners Association, Inc. Because this Court already reversed the underlying judgment in Delta Trust's favor in *Hitchcock v. Delta Trust*, 2026-Ohio-600 (11th Dist.), Delta Trust is no longer the prevailing party — and without a prevailing party, the attorney fee question is not ripe for determination. Everything else is beside the point. Accordingly, we affirm the decision of the court below.

***Substantive and Procedural History***

{¶2} The substantive and procedural history of this case is fully set forth in this Court's prior Opinion. *Id.* at ¶ 2-6. The prior proceedings concluded on June 23, 2025, when the trial court granted summary judgment in favor of Delta Trust and dismissed the case. *Id.* at ¶ 6.

{¶3} On July 16, 2025, Delta Trust filed a Motion for Attorney Fees and Expenses against the Homeowners Association. Delta Trust sought an award of attorney fees and expenses pursuant to Section 6 of the Second Amended and Restated Code of Regulations of the Preserve at Stonewater Homeowners Association, Inc., which provides:

> (f) <u>Costs and Attorneys' Fees</u>. In any legal proceedings commenced by the Association or a committee to enforce the Declaration, this Code and/or the Rules, the prevailing party shall be entitled to recover the costs of the proceeding and reasonable attorneys' and paralegals' fees. Any such costs or attorneys' and paralegals' fees awarded to the Association or committee in connection with any action against any Member shall be charged to the Member.

{¶4} On October 10, 2025, the trial court denied the Motion for Attorney Fees and Expenses. The court noted, in the first instance, that "Delta Trust [had] previously established that it did not purchase property subject to Stonewater's Regulations."

Accordingly, "there is no contract between Stonewater and Delta Trust" and "no contractual obligation to pay attorney fees and costs exists."

{¶5} The trial court further noted that, even if Delta Trust owned property in Stonewater, it was not entitled to attorney fees and expenses under the Regulations. The court cited to the following provision in Section 6:

> (a) <u>Enforcement</u>. In the event of a violation by any Member or other Occupant (other than the nonpayment of Assessments or charges, which is governed by Article IV of the Declaration) of any of the provisions of the Declaration, this Code, or the Rules, … [the Association may] [c]ommence an action to enforce performance on the part of the Member or other Occupant, to recover damages, or for such other relief or remedy at law or in equity as may be necessary or appropriate under the circumstances …

The court emphasized that Stonewater's cross-claim against Delta Trust was to enforce the performance of provisions for the payment of assessments and charges which, under the Regulations, was governed by Article IV of the Declaration rather than Section 6. Accordingly, Delta Trust could not rely on Section 6(f) to recover attorney fees and expenses even if it were subject to the Regulations.

***Assignment of Error***

{¶6} On October 30, 2025, Delta Trust filed its Notice of Appeal. On appeal, it raises the following assignment of error: "The Trial Court erred in Finding that Delta Trust was not entitled to an award of attorney fees."

***The Denial of Attorney Fees and Expenses Must be Affirmed in Light of this Court's Decision in* Hitchcock v. Delta Trust*, 2026-Ohio-600***

{¶7} In *Hitchcock v. Delta Trust*, 2026-Ohio-600, this court reversed the judgment that the property purchased by Delta Trust was free of any restrictive covenants

claimed by the Homeowners Association. Conversely, this Court affirmed the denial of judgment in favor of the Homeowners Association that the subject property was subject to restrictive covenants. Stated otherwise, this court held that neither party was entitled to summary judgment on the issue of whether Delta Trust was subject to the Declaration of Restrictions.

{¶8} Whether Delta Trust is entitled to attorney fees and expenses is contingent upon its being the prevailing party in the underlying litigation. Following the prior appeal, Delta Trust is no longer the prevailing party and the issue of attorney fees and expenses is not ripe for determination. We acknowledge that the trial court ruled that Delta Trust would not be entitled to attorney fees and expenses regardless of whether it was subject to the Code of Regulations. Reviewing the merits of the trial court's position at this point is tantamount to issuing an advisory opinion inasmuch as the entitlement of either party to attorney fees and expenses is not yet ripe for determination. *State ex rel. Jones v. Husted*, 2016-Ohio-5752, ¶ 21 ("[a] claim is not ripe if it rests on contingent events that may never occur at all"); *Harder Invests., LLC v. Perin-Tyler Family Found., LLC*, 2025-Ohio-4706, ¶ 92 (12th Dist.) ("the question underlying the attorney fees determination, which party ultimately prevailed and to what extent, cannot be properly answered until the trial court completes its recalculation of real estate taxes").

{¶9} For the foregoing reasons, we affirm the denial of Delta Trust's Motion. We proffer no opinion as to whether Delta Trust would be entitled to such an award in the event that it eventually prevails against the Homeowners Association's cross-claim.

{¶10} The sole assignment of error is without merit.

Case No. 2025-G-0040

{¶11} For the foregoing reasons, the decision of the Geauga County Court of Common Pleas, denying Delta Trust's Motion for Attorney Fees and Expenses, is affirmed. Costs to be taxed against the appellant.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-G-0040

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

JUDGE SCOTT LYNCH

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.